**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VERONICA ANN MILLER,

                Plaintiff,

                                                Case No. 3:14-cv-1227-J-JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Veronica Ann Miller ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "[c]onnective [t]issue [d]isease," "Graves disease," "osteoarthritis [k]nee," "sleep apnea," "hypertension," "acid reflux," "irritable bowel syndrome," "migraine," "depression," and "anemia." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed April 6, 2015, at 248 (emphasis and capitalization omitted). On April 6, 2011, Plaintiff filed an application and an amended application for DIB, alleging an onset disability date of March 8, 2011.[2] Tr. at 131-34.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed April 6, 2015; Reference Order (Doc. No. 17), entered on April 7, 2015.

[2] Plaintiff initially listed a date of alleged onset of disability to be March 22, 2002. Tr. at 131.

Plaintiff's application was denied initially, see Tr. at 80, 83-84, and upon reconsideration, see Tr. at 81, 89-90.

On October 4, 2012, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 40-78. On December 21, 2012, the ALJ issued a Decision finding Plaintiff not disabled and denying Plaintiff's claim. Tr. at 22-33. Plaintiff then requested review by the Appeals Council, Tr. at 17, and submitted evidence to the Council in the form of a brief authored by her attorney representative, Tr. at 5; see Tr. at 317-20 (brief). On August 15, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On October 8, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: whether the Commissioner "failed to properly consider the evidence of record as a whole, including evidence that supports [Plaintiff's] claim and is contrary to the ALJ's residual functional capacity (RFC) determination;" and, whether the Commissioner "improperly determined the medical source statement of Dr. Cecilia Olazar, [Plaintiff's] treating rheumatologist, was entitled to only "little weight." Plaintiff's Initial Brief (Doc. No. 19; "Pl.'s Br."), filed June 8, 2015, at 1-2, 17-25. Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") on August 7, 2015. After a thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons stated herein.

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ proceeded through step four of the five-step inquiry, where his inquiry ended based on his step four finding.  See Tr. at 24-33.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 8, 2011, the alleged onset date."  Tr. at 24 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: Graves disease, obstructive sleep apnea, irritable bowel syndrome (IBS), migraines, bilateral knee osteoarthritis, and systemic lupus erythematosus."  Tr. at 24 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 26 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR [§] 404.1567(b). Specifically, [Plaintiff] is capable of: lifting and carrying up to 20 pounds on an occasional basis and 10 pounds on a frequent basis; standing and/or walking for up to two hours during a standard workday; sitting for up to six hours during a standard workday; and occasionally performing postural activities (balancing, stooping, kneeling, crouching, crawling, and climbing ramps, stairs, ladders, ropes and scaffolds). [Plaintiff] must avoid concentrated exposure to vibrations, work around moving mechanical parts, or work at unprotected heights. Lastly, [Plaintiff] is limited to work that allows her to alternate between periods of sitting and standing as frequently as every hour.

Tr. at 27 (emphasis omitted). At step four, the ALJ found, relying on the testimony of the VE, that Plaintiff is "capable of performing past relevant work" as a "Customer Service Representative" and a "Child Care Leader." Tr. at 33 (emphasis omitted). The ALJ determined that "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 33 (emphasis and citation omitted). Because the ALJ found Plaintiff capable of performing her past relevant work, the ALJ was not required to and did not proceed to step five. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability . . . from March 8, 2011, through the date of th[e] [D]ecision." Tr. at 33 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d

1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As indicated above, Plaintiff makes two arguments on appeal.  First, she alleges the ALJ failed to consider the evidence as a whole, and instead picked only those portions of the medical records that supported his RFC determination.  Pl.'s Br. at 17-22.  Second, she argues the ALJ erred in discrediting her treating physician's opinions "without articulating factual support for such conclusion." Id. at 23.  The arguments are addressed in turn below.

### A.  RFC Determination

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four of the sequential evaluation process to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ found that the Plaintiff retained the RFC to perform less than the full range of light work. Tr. at 27. In making his RFC assessment, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Tr. at 27. Specifically, the ALJ limited Plaintiff to sitting for up to six hours during a standard workday and only occasionally performing postural activities. Tr. at 27. Additionally, the ALJ found Plaintiff "is limited to work that allows her to alternate between periods of sitting and standing as frequently as every hour." Tr. at 27.

Plaintiff argues that the ALJ disregarded or omitted mentioning several medical findings that she claims are inconsistent with the ultimate RFC assessed. Pl.'s Br. at 18-21. Defendant responds that the medical records and evidence of Plaintiff's activities support the ALJ's findings. Def.'s Mem. at 4-7.

To the extent that Plaintiff is arguing that the ALJ was obligated to mention every piece of evidence, Plaintiff's argument fails. See Dyer, 395 F.3d 1206, 1211 (11th Cir. 2005) (holding that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole'") (citation omitted).  The medical records here consisted of in excess of 1400 documents, and thus, it would be impractical to expect the ALJ to discuss every record. See Tr. at 321-1471.  Further, the undersigned finds, upon a review of the Decision, that Plaintiff's allegation that the ALJ merely "cherry-picked" the evidence that supported his conclusions is not entirely accurate.  The ALJ noted "[a] July 11, 2011, entry did include some abnormal findings such as an antalgic gait, muscle tenderness and trigger points[.]" Tr. at 30.  The ALJ then discussed how Plaintiff was described in the same record as "range of motion as 'stable,' her muscle strength and tone as 'normal,' and noted a normal neurologic examination." Tr. at 30 (referring to Tr. at 1563).[4]  The ALJ referenced an October 21, 2010 entry of knee complaints and findings of "some" tenderness to palpitation.  Tr. at 30 (referring to Tr. at 458-59).[5]  The ALJ noted treatment entries that document Plaintiff's difficulties with IBS.  Tr. at 31.  Additionally, the ALJ discussed and credited Plaintiff's consistent complaints of knee pain, finding "their consistency supports the conclusion that she must alternate between periods of sitting and standing."  Tr. at 32.

---

[4] The specific reference by the ALJ is to Exhibit 11F, page 2, which is found in the transcript at page 1563.

[5] The specific reference by the ALJ is to Exhibit 6F, page 70, which is found in the transcript at page 458-59.

In reviewing the ALJ's Decision as a whole, the undersigned finds that substantial evidence supports the RFC assessed and the Decision.  The ALJ discussed the medical evidence and other evidence of record in detail in reaching his RFC assessment, see Tr. at 27-32, and concluded that the "diagnostic images and laboratory findings, treatment entries, [Plaintiff's] activity level, [Plaintiff's] non-compliance and the DDS assessments support the RFC assessment."   Tr. at 32.

While the Plaintiff points to evidence in the record supporting her claimed limitations, see Pl.'s Br. at 18-22, it is not for this Court to reweigh the evidence. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (finding that a reviewing court will not "reweigh the evidence or substitute [its] judgment for that of the Secretary; instead, [the court will] review the entire record to determine 'if the decision reached is reasonable and supported by substantial evidence'") (citations omitted).  Moreover, despite pointing out those pieces of evidence omitted by the ALJ in his Decision, Plaintiff fails to show how those records support work-related limitations greater than those assessed by the ALJ.  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).  The undersigned finds the ALJ's Decision to be supported by substantial evidence, and accordingly, the Decision is due to be affirmed on this issue.

### B.  Opinion of Dr. Cecelia Olazar

Plaintiff claims that the ALJ failed to explain how her treating rheumatoligist, Dr. Olazar's opinion is inconsistent with the other medical evidence of record.  Pl.'s Br. at 23.

Defendant responds that the ALJ stated the amount of weight he attributed to this treating doctor's opinion and articulated reasons, supported by substantial evidence, for discounting it. Def.'s Mem. at 9.

### 1. Applicable Law

The Regulations establish a "hierarchy" among medical opinions[6] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

---

[6] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

With regard to a treating physician or psychiatrist,[7] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c).  Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id.  When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen,

---

[7]  A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence). An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substaial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

### 2. Dr. Olazar's Opinion

According to the records, Dr. Olazar has been treating Plaintiff since 2002. Tr. at 1611. Her opinion at issue is an Allstate Insurance Medical Source Statement (MSS) completed on April 5, 2010. Tr. at 1611-12. In the Statement, Dr. Olazar estimated that Plaintiff would be incapacitated from work "1 to 8 days per month[]." Tr. at 1612.

### 3. Analysis

In discussing Dr. Olazar's opinion, the ALJ stated as follows:

I note the statement from [Plaintiff's] treating physician, Dr. Cecilia.[8] According to Dr. Cecilia, [Plaintiff's] symptoms would result in an excessive amount of unscheduled absences.  I note that if a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. . . . I conclude in the present case, however, that the opinion is not well supported by medically acceptable techniques and is inconsistent with the other substantial evidence in the record.

Given this, when a treating physician's opinion does not warrant controlling weight, the ALJ must weigh the opinion based on additional factors.  Amongst those are the length of the treatment relationship and frequency of examination, the medical evidence supporting the opinion, consistency with the record as a whole, and other factors that tend to support or contradict the opinion. . . . I conclude these factors weigh against assigning Dr. Cecilia's opinion significant weight.  Specifically, as noted above, the diagnostic images and treatment entries are not consistent with the severity of [Plaintiff's] symptoms.  Further, [Plaintiff's] non-compliance with treatment recommendations supports the conclusion that [Plaintiff's] symptoms are not as disabling as alleged, or as disabling as Dr. Cecilia concludes.  This is bolstered by entries documenting [Plaintiff's] medication as having been successful in alleviating her symptoms when [Plaintiff] was using it in accordance with physician recommendations. Thus, based upon the diagnostic images, laboratory findings, and [Plaintiff's] non-compliance with medication recommendations, I accord little weight to Dr. Cecilia's conclusions.

Tr. at 32 (citations omitted).

As a preliminary matter, the ALJ was not obligated to give controlling weight to Dr. Olazar's opinion that Plaintiff is unable to work.  Certain decisions, such as whether a Plaintiff is disabled or unable to work, are reserved for the Commissioner. Denomme v. Comm'r, Soc.

---

[8] The ALJ refers to the treating doctor as Dr. Cecilia.  Her name is Dr. Cecilia Olazar.

Sec. Admin., 518 F. App'x 875, 878 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1)).

As for Plaintiff's argument that the ALJ failed to adequately state reasons for discounting this treating physician's opinion, the undersigned finds Plaintiff's argument unavailing. As noted previously, the ALJ spent a significant portion of his Decision discussing the medical evidence of record. See Tr. at 28-32. And, in reviewing the ALJ's discussion of Dr. Olazar referenced above, the undersigned finds that the ALJ stated adequate reasons for discounting this doctor's opinion. Specifically, the ALJ noted that Plaintiff's medication was helping when she was compliant and that the "diagnostic images and treatment entries are not consistent with the severity of [Plaintiff's] symptoms" (which the ALJ discusses throughly in the Decision) supported the RFC assessed. Tr. at 32. Additionally, the ALJ noted that Plaintiff was not always compliant with her medication which supports the conclusion that the symptoms are not as limiting as alleged. Tr. at 32. Accordingly, the undersigned finds the ALJ stated adequate reasons for discounting the opinion of Dr. Olazar and the Decision is due to be affirmed on this issue.

## V. Conclusion

Based on a thorough review of the administrative transcript, and upon consideration of the respective arguments of the parties, the Court finds that the ALJ's Decision is supported by substantial evidence.

In accordance with the foregoing, it is hereby **ORDERED**:

1.	The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.	The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 16, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jde
Copies to:
Counsel of record